■ In the Matter of WILLDRED B. R. LOCKWOOD, Petitioner, against E. STERLING CARTER et al., Constituting the Zoning Board of Appeals of the City of Poughkeepsie, Respondents.— This proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondents denying petitioner's application for a variance to allow the erection of an addition to a nonconforming repair garage in a residential district has been transferred to this court. (Civ. Prac. Act, § 1296.) Determination unanimously confirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of OSCAR PRESNELL, Appellant, against JEAN LESLIE et al., Constituting the Board of Appeals of the Village of Westbury, Respondents.— Appellant, who resides in a "Residence A District" in the village of Westbury, Nassau County, is licensed by the Federal Communications Commission to operate and maintain an amateur radio station at his residence. His application to erect a steel antenna tower, forty-four feet in height, to be used in conjunction with such radio station, was denied by the village building superintendent, and that denial was affirmed by respondents. Appellant's petition under article 78 of the Civil Practice Act to review respondents' determination and for an order directing the issuance of a permit for the erection of said tower, was dismissed at Special Term upon the ground, in substance, that the proposed tower was not an "accessory use * * * customarily incidental to" a single-family dwelling, within the purview of subdivision (1) of section 2 of article III of the Village of Westbury Amended Building Zone Ordinance of 1937. The appeal is from the order dismissing the petition. Order unanimously affirmed, with $10 costs and disbursements. We do not find it necessary to pass upon the question of whether the proposed tower is a permitted "customarily incidental" accessory use, within the meaning of the zoning ordinance, for in no event has appellant shown a clear legal right to the relief demanded. If the tower is not a permissible accessory use under the cited section, the building permit was of course properly denied. If it be assumed that the proposed use is a permitted one, the tower must be considered an accessory building as defined by the zoning ordinance (art. I, § 1, subds. [a], [j]) and therefore limited in height by section 11 of article III of the ordinance to twenty feet. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.